UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

PERRY DANIELS,

                        Plaintiff,

-against-                                    1:24-CV-997 (LEK/TWD)

JOHN REGAN, *et al.*,

                        Defendants.

---

## <u>DECISION AND ORDER</u>

On July 16, 2024, Plaintiff Perry Daniels brought this action in state court against, *inter alia*, Defendant Jerry Campana. Dkt. No. 2 at 3–36 ("Complaint"). The case was subsequently removed to federal court. Dkt. No. 1. After receiving no response from Defendant for several months, Plaintiff requested a clerk's entry of default. Dkt. No. 24. On October 28, 2024, the Clerk entered default against Defendant. Dkt. No. 25. Plaintiff then filed a motion for default judgment against Defendant. Dkt. No. 32-1 ("Motion"). Defendant did not respond. For the reasons that follow, Plaintiff's Motion is denied.

"On a motion for a default judgment, the court 'deems all the well-pleaded allegations in the pleadings to be admitted.'" *Am. Transit Ins. Co. v. Bilyk*, 514 F. Supp. 3d 463, 471 (E.D.N.Y. 2021) (quoting *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997)). "However, the party in default does not admit conclusions of law." *Id.*

"Just because a party is in default, the plaintiff is not entitled to a default judgment as a matter of right." *Id.* (cleaned up). "Rather, 'it remains the plaintiff's burden to demonstrate that those uncontroverted allegations, without more, establish the defendant's liability on each

asserted cause of action.'" *Id.* (quoting *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012)).

Here, Plaintiff moves for default judgment against Defendant with respect to his malicious prosecution claim, brought pursuant to 42 U.S.C. § 1983.[1] Mot. at 5–6; *see* Compl. ¶¶ 143–59. Plaintiff alleges that Defendant violated Plaintiff's constitutional right to be free from malicious prosecution by "knowingly provid[ing] Hudson Police with false statements that directly resulted in [P]laintiff [] getting arrested," Compl. ¶ 145, and by "swearing out a supporting deposition against [P]laintiff,"*id.* ¶ 154. The Court finds that, after deeming all the well-pleaded allegations in the pleadings as admitted, Plaintiff cannot establish Defendant's liability with respect to this cause of action.

To find a defendant liable for malicious prosecution under Section 1983, a plaintiff must show, *inter alia*, that the defendant was acting under color of state law. *Anilao v. Spota*, 340 F. Supp. 3d 224, 252 (E.D.N.Y. 2018); 42 U.S.C. § 1983 ("Every person who, *under color of any statute . . .of any State . . .* shall be liable . . . ") (emphasis added). "The central question in examining the 'under color of state law' requirement is whether the alleged infringement of federal rights is 'fairly attributable to the State.'" *Anilao*, 340 F. Supp. 3d at 252 (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). "It is axiomatic that private citizens and entities are not generally subject to Section 1983 liability." *Id.* However, "private individuals . . .

---

[1] In the Motion, Plaintiff states that Defendant is liable "for financial damages for false arrest, illegal search, and malicious prosecution." Mot. at 5–6. However, the Complaint states a claim against Defendant only for malicious prosecution. *See* Compl. ¶ 144. New claims not specifically asserted in the Complaint may not be considered by the Court when deciding a motion for default judgment. *Cf. Lerner v. Forster*, 240 F. Supp. 2d 233, 241 (E.D.N.Y. 2003) (considering only the claims included in the plaintiff's complaint when deciding a motion to dismiss). Accordingly, the Court will consider Plaintiff's Motion only with respect to the malicious prosecution claim against Defendant.

can be liable for civil rights violations under Section 1983 if they have conspired, or engaged in joint activity with state actors." *Stewart v. Victoria's Secret Stores, LLC*, 851 F. Supp. 2d 442, 445 (E.D.N.Y. 2012). "Merely providing information to law enforcement, even if that information is false or mistaken, does not render the supplier of information a state actor." *Id.* at 446.

Plaintiff cannot establish Defendant's liability because Plaintiff brings this claim pursuant to Section 1983, and Plaintiff has failed to plead facts sufficient to show that Defendant was acting under color of state law. Defendant is a private individual who provided information to the police after his vehicle was stolen. Although Defendant is a corrections officer employed by the New York State Department of Corrections and Community Supervision ("DOCCS"), Compl. ¶ 11, "[m]ere employment by a state or municipality does not automatically mean that a defendant's actions were taken under the color of state law." *Burns v. City of Utica*, 2 F. Supp. 3d 283, 293 (N.D.N.Y. 2014) (quoting *Kern v. City of Rochester*, 93 F.3d 38, 43 (2d Cir. 1996)). Defendant's act of providing information to the police was not done in connection to his role as a corrections officer. Defendant did not engage in state action when he provided information to law enforcement; he was not acting in his capacity as a corrections officer. Further, the Complaint is devoid of any allegations that Defendant conspired or engaged in joint activity with state actors to violate Plaintiff's constitutional rights. Allegations that Defendant knowingly provided false information to the police are not sufficient to satisfy the state action requirement. *See Stewart*, 851 F. Supp. 2d at 446.

Accordingly, Plaintiff has failed to plead facts sufficient to show that Defendant acted under color of state law, which is necessary to bring a successful Section 1983 claim. Plaintiff's

motion for default judgment is denied. Further, because the Complaint fails to state a claim against Defendant, he is dismissed from this action.

It is hereby:

**ORDERED**, that Plaintiff's motion for default judgment is **DENIED**; and it is further

**ORDERED**, that Jerry Campana is **DISMISSED** as a party in this action; and it is further

**ORDERED**, that the Clerk serve a copy of this Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    January 29, 2025
          Albany, New York

LAWRENCE E. KAHN
United States District Judge

4