UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PERRY DANIELS,

Plaintiff,

-against- 1:24-CV-997 (LEK/TWD)

JOHN REGAN, *et al.*,

Defendants.

---

**MEMORANDUM-DECISION AND ORDER**

## I. INTRODUCTION

On July 16, 2024, Plaintiff Perry Daniels brought this action in state court against the Police Department of the City of Albany ("Albany Police Department" or "Albany P.D."), Albany P.D. Detective John Regan, Albany P.D. Officer Anthony Scalise (collectively, "Albany Defendants"), the City of Hudson Police Department ("Hudson Police Department" or "Hudson P.D."), Hudson P.D. Lieutenant Jeffrey Keyser, Hudson P.D. Detective Rodney Waithe (collectively, "Hudson Defendants"), and Jerry Campana. Dkt. No. 2 at 3–36 ("Complaint"). The case was subsequently removed to federal court. Dkt. No. 1. On August 20, 2024, the Hudson Defendants filed a motion to dismiss Plaintiff's claims against them. Dkt. No. 8-3 ("Motion"). Plaintiff filed a response in opposition, a cross-motion to strike or otherwise exclude the search warrant application exhibit included by the Hudson Defendants in their Motion, and a cross-motion to amend the Complaint. Dkt. No. 29-1 ("Response" or "Cross-Motions"). Plaintiff also filed a proposed amended complaint. Dkt. No. 29 at 32–64 ("Proposed Amended Complaint" or "PAC"). The Hudson Defendants filed a reply in support of their Motion and in opposition to Plaintiff's Cross-Motions. Dkt. No. 30.

For the reasons that follow, the Hudson Defendants' Motion is granted. Plaintiff's Cross-Motions are denied.

## II. BACKGROUND

The Court limits its narration of the background to the facts relevant to the instant Motion and Cross-Motions.

Prior to his arrest on February 7, 2022, Plaintiff lived in Albany, New York, and he worked in Hudson, New York. Compl. ¶ 15. Every morning, Plaintiff would wait for the bus to pick him up for work on the corner of Central Avenue and Madison Avenue in Albany. *Id.* ¶ 16. At the end of each day, the bus would transport Plaintiff from Hudson back to Albany. *Id.* ¶ 17. "While waiting for the bus[,] Albert Dandridge would also be waiting at the bus stop." *Id.* ¶ 18. "Dandridge was known by [Plaintiff] as 'Sunny.'" *Id.* Plaintiff "recognized Sunny from riding on the bus from Albany to Hudson and then from Hudson back to Albany on work days." *Id.* ¶ 21.

"On February 7, 2022, Sunny was arrested by the Hudson Police at the bus stop in Hudson while he was waiting to be transported from Hudson to Albany." *Id.* ¶ 19. Plaintiff was also at the bus stop when Sunny was arrested. *Id.* ¶ 20. After Sunny's arrest, Plaintiff "noticed that Sunny had left a backpack behind at the bus stop." *Id.* ¶ 22. Plaintiff "took the backpack with him . . . intending to give it back to Sunny the next time he saw him." *Id.* Plaintiff "did not know the contents of the backpack when he picked it up." *Id.* ¶ 23. It "was locked, so [Plaintiff] was unable to open the backpack." *Id.* ¶ 24. "At the time of [Plaintiff's] possession[,] the backpack had a gun in it." *Id.* ¶ 48.

On the same day, "[Defendant] Jeff[rey] Keyser of the Hudson Police Department gave a tip to Albany Police Detective John Regan about a missing backpack that had a gun in it and that might be found at the bus stop on Central Avenue and Manning Boulevard in Albany." *Id.* ¶ 27.

"The sole information [the Hudson] [D]efendants relied upon to give [the] tip" were "statements by [Defendant] Campana," a private individual who reported his truck as stolen earlier that morning. *Id.* ¶¶ 96, 51. Campana owned the backpack and the gun inside it, which were in his vehicle at the time that it was stolen. *Id.* ¶¶ 50, 99.

Campana's statements to members of the Hudson Police Department "contradicted each other" and were "false." *Id.* ¶¶ 96, 94. Campana "refused to sign and refused to swear [the statements as] true." *Id.* ¶ 95. "Keyser knew or should have known that [] Campana was a liar and that his statements to the Hudson Police were false." *Id.* ¶ 94.

Later that afternoon, "after working in Hudson all day, [Plaintiff] was dropped off at the bus stop on the corner of Central Avenue and Manning Boulevard." *Id.* ¶ 28. "[A]t approximately 4:43 PM [Plaintiff] was arrested" by Regan. *Id.* ¶ 29. Regan also took the backpack that Plaintiff had in his possession. *Id.*

The Hudson Police Department then submitted a search warrant application to the Honorable Richard M. Koweek, Columbia County Judge, seeking to search Plaintiff and the "bookbag that [Plaintiff] had on his person when detained." Dkt. No. 8-2 at 1. The application was submitted by Hudson P.D. Detective Nicolas Pierro, "based upon personal knowledge." *Id.* at 1–2. Pierro asserts that on February 7, 2022, the Hudson Police Department received a call stating that Campana's truck had been stolen. *Id.* at 2. Members of the Hudson Police Department then met with Campana and conducted multiple interviews. *Id.*

The application recounts Campana's statements in those interviews. *Id.* at 2–3. "In his second deposition, Campana advised police that his loaded Springfield Arms .45 caliber handgun was also in the center console of the vehicle, along with two loaded magazines." *Id.* at 2. The application also states that in a separate interview, Campana told Defendant Waithe that he "did

not originally tell the full story to officers." *Id.* at 3. Campana then explained that on the night his vehicle was stolen, he met with other men to "explore" his "sexual feelings towards males." *Id.*

According to Plaintiff, the search warrant application "relied exclusively on false statements given by [] Campana which [Keyser and Waithe] knew or should have known were false." Compl. ¶ 130. Campana's statements were "unsworn and unsigned," "contradicted by his previous statements," and "false and full of lies." *Id.* ¶¶ 131–33. "Keyser and Waithe did not disclose to Judge Koweek that [] Campana had made perjurious statements to the Hudson Police, that [] Campana had refused to reveal to the truth of his statements, and that [] Campana's statements did not implicate [Plaintiff] in stealing the backpack." *Id.* ¶ 139.

Judge Koweek signed a search warrant authorizing the police to search Plaintiff and the backpack. Dkt. No. 8-2 at 5; Compl. ¶ 30. In the backpack, members of the Albany Police Department found a .45 caliber handgun with five rounds of ammunition. *Id.* ¶ 31. Plaintiff "did not know there was a gun in the locked backpack." *Id.* ¶ 49.

In the Complaint, Plaintiff presents six causes of action. As relevant to this Motion and Cross-Motions, Plaintiff brings two claims pursuant to 42 U.S.C. § 1983 against the Hudson Defendants. Compl. ¶¶ 89–105 ("Third Cause of Action"), 127–142 ("Fifth Cause of Action"). In the Third Cause of Action, Plaintiff alleges that the Hudson Defendants' "tip to the Albany Police, without probable cause and known to be based on false information, violated [P]laintiff's constitutional right to be free from illegal seizure and detention of his person and property protected by the Fourth [and Fourteenth] Amendment." *Id.* ¶ 104. In the Fifth Cause of Action, Plaintiff alleges that the Hudson Defendants' inclusion of "false statements in the application for a search warrant . . . were not [] sufficient to make out probable cause to issue a search warrant . .

. [which] violated [P]laintiff's constitutional right to be free from illegal search and seizure of property in his possession protected by the Fourth [and Fourteenth] Amendment." *Id.* ¶¶ 140–41.

## III. DISCUSSION

"Because determining the universe of properly considered materials is a necessary predicate to considering [a defendant's] motion to dismiss," the Court turns first to Plaintiff's motion to strike or otherwise exclude the search warrant application exhibit included in the Hudson Defendants' Motion. *City of Austin Police Ret. Sys. v. Kinross Gold Corp.*, 957 F. Supp. 2d 277, 287 (S.D.N.Y. 2013). Next, the Court addresses the Hudson Defendants' motion to dismiss. Last, the Court rules on Plaintiff's motion to amend the Complaint.

### A. Motion to Strike or Otherwise Exclude the Search Warrant Application

Plaintiff asks that the Court "strike or otherwise exclude the application for the search warrant sworn to by Detective Pierro." Cross-Mots. at 1. At the outset, Plaintiff's request that the Court strike the search warrant application is denied. When a court considers whether to exclude additional materials for the purpose of deciding a motion to dismiss, "the extreme sanction of striking" is not required. *Phillips v. City of New York*, No. 21-CV-8149, 2024 WL 4307923, at *3 (S.D.N.Y. Sept. 26, 2024) (cleaned up). Plaintiff's claim that he is "prejudiced by the use of the unsealed search warrant application" is not convincing. Cross-Mots. at 1. The Court finds the sanction of striking unwarranted here.

The Court now considers whether to exclude the search warrant application in its consideration of the instant motions. "[T]he court, when ruling on a motion to dismiss, may only consider the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings, or matters of which the court may take judicial notice." *Estate of Axelrod v. Flannery*, 476 F. Supp. 2d 188, 199 (D.Conn. 2007). However, "where a document is

not incorporated by reference, the court may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,' which renders the document 'integral' to the complaint." *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) (quoting *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir.1995)). This is because a plaintiff "should not so easily be allowed to escape the consequences of its own failure" when he does not attach or otherwise incorporate a document that is integral to the complaint. *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991).

Here, the Fifth Cause of Action hinges entirely on the contents of the search warrant application that led to a search of Plaintiff and the backpack. Plaintiff alleges that by submitting the application, Defendants Keyser and Waithe violated Plaintiff's constitutional rights because they relied entirely on false statements from Defendant Campana. *See* Compl. ¶¶ 130–35, 137–40. Because the alleged false statements in the search warrant application are central to Plaintiff's claim, the application and its contents are integral to the Complaint. Accordingly, the Court will consider the search warrant application in this Order. *See Green v. City of Mount Vernon*, 96 F. Supp. 3d 263, 284 (S.D.N.Y. 2015) (considering a search warrant affidavit because the plaintiffs' claims for unreasonable search and seizure were "explicitly based on their assertions that the warrant was invalid"); *Vessa v. City of White Plains*, No. 12-CV-6989, 2014 WL 1271230, at *4 n.9 (S.D.N.Y. Mar. 27, 2014) (considering the search warrant order because "the crux" of the plaintiff's case is that the defendants "wrongfully obtained the warrant at issue using fabricated and unsubstantiated information"); *Cayo v. Sefcik*, No. 14-CV-38, 2014 WL 3419578, at *5 n.10 (D.Conn. July 11, 2014) (considering the contents of an arrest warrant

application because "they are discussed extensively in the complaint"). Plaintiff's cross-motion to strike or exclude the search warrant application is denied.[1]

**B. Motion to Dismiss**

*1. Legal Standard*

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not

---

[1] In finding that the search warrant application may be considered, the Court need not convert the Hudson Defendants' Motion to a motion for summary judgment. *See Brodeur v. City of New York*, No. 99-CV-651, 2002 WL 424688, at *2 (S.D.N.Y. Mar. 18, 2002) (holding that it is appropriate to consider a search warrant application without converting a motion to dismiss to a motion for summary judgment).

permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id.* at 679.

*2. Analysis*

a. Claims against Defendants Keyser and Waithe

In the Third Cause of Action, Plaintiff alleges that Defendants Keyser and Waithe violated Plaintiff's constitutional rights by providing a tip to the Albany Police based on false information. Compl. ¶¶ 89–105. In the Fifth Cause of Action, Plaintiff alleges that Keyser and Waithe violated Plaintiff's constitutional right to be free from illegal search and seizure by relying upon exclusively false information in the search warrant application. *Id.* ¶¶ 127–142. The Hudson Defendants argue that these claims must be dismissed because Plaintiff "has not pleaded any facts supporting a plausible inference of Detective Waithe or Lieutenant Keyser's personal involvement in the alleged unconstitutional actions." Mot. at 10. The Court agrees.

"It is well settled that, in order to establish a defendant's individual liability in a suit brought under [Section] 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation." *Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013). "Accordingly, a Section 1983 plaintiff must allege a tangible connection between the acts of the defendant and the injuries suffered." *Rasheen v. Adner*, 356 F. Supp. 3d 222, 233 (N.D.N.Y. 2019) (cleaned up). "[A] plaintiff must plead and prove 'that each Government-official defendant, through the official's own individual actions, has violated the Constitution.'" *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

With respect to the Third Cause of Action, Plaintiff alleges that Keyser and Waithe violated his constitutional rights solely by providing a tip to another police department. Their

actions cannot be considered direct participation in the eventual search, seizure, and detention of Plaintiff. *See Nunez v. City of New York*, No. 14-CV-4182, 2016 WL 1322448, at *5 (S.D.N.Y. Mar. 31, 2016) (dismissing Fourth Amendment claims for lack of personal involvement against police officers who "[a]t most . . . were involved in parts of the investigation . . . that ultimately resulted in [the] [p]laintiff's arrest"); *Simpson v. Town of Warwick Police Dep't*, 159 F. Supp. 3d 419, 434 (S.D.N.Y. 2016) (dismissing Fourth Amendment claim for lack of personal involvement because there is no basis "to charge the named [police officer] defendants for a search performed by a completely separate police department"). Accordingly, the Court finds no "tangible connection" between the actions of Keyser and Waithe and the constitutional violations alleged by Plaintiff. *See Rasheen*, 356 F. Supp. 3d at 233. Plaintiff's Third Cause of Action against Keyser and Waithe is dismissed.

      With respect to the Fifth Cause of Action, Plaintiff alleges that Keyser and Waithe violated his rights by relying upon exclusively false information in drafting and submitting the search warrant application. However, the search warrant application states that it was submitted by Hudson P.D. Detective Nicolas Pierro and was based upon his personal knowledge; it was not drafted or submitted by Keyser or Waithe. To the extent Plaintiff alleges that Keyser and Waithe contributed to drafting the search warrant application, he fails to do so with any particularity. The only potentially related, concrete allegation is that Waithe interviewed Campana, whose statements were later included in the search warrant application. This alone is insufficient to find personal involvement in the submission of the search warrant application; there is no "tangible connection" between this action and the alleged constitutional violation. Plaintiff's Fifth Cause of Action against Keyser and Waithe is dismissed.

b. Claims Against the Hudson Police Department

Plaintiff also brings the Third Cause of Action and the Fifth Cause of Action against the Hudson Police Department. The Hudson Defendants argue that the claims must be dismissed because the Hudson Police Department is a "non-suable entity as a matter of law." Mot. at 10. The Court agrees. "Under New York law, departments that are merely administrative arms of a municipality do not have a legal identity separate and apart from the municipality and, therefore, cannot sue or be sued." *Davis v. Lynbrook Police Dept.*, 224 F. Supp. 2d 463, 477 (E.D.N.Y. 2002). The Hudson Police Department is an administrative arm of the City of Hudson. *See id.* (finding that the Lynbook Police Department is an administrative arm of the Village of Lynbrook). Therefore, Plaintiff's claims against the Hudson Police Department are dismissed with prejudice.[2]

**C. Motion to Amend the Complaint**

"Leave to amend should be freely given when justice so requires, but should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party." *United States ex rel. Ladas v. Exelis, Inc.*, 824 F.3d 16, 28 (2d Cir. 2016) (cleaned up). "A proposed amendment to a complaint is futile when it 'could not withstand a motion to dismiss.'" *Balintulo v. Ford Motor Co.*, 796 F.3d 160, 164–65 (2d Cir. 2015) (quoting *Lucente v. IBM*

[2] Even if Plaintiff had brought these claims against the City of Hudson, the real party-in-interest, Plaintiff's claims would fail. "[A] municipality can be held liable under Section 1983 if the deprivation of the plaintiff's rights under federal law is caused by a governmental custom, policy, or usage of the municipality." *Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012) (citing *Monell v. Department of Social Services*, 436 U.S. 658, 690–91 (1978)). In the Complaint, Plaintiff fails to allege the existence any municipal custom, policy, or usage by the Hudson Police Department, nor can one be inferred by the Court. "[A] single incident alleged in a complaint . . . does not suffice to show a municipal policy." *Dean v. N.Y.C. Transit Auth.*, 297 F. Supp. 2d 549, 555 (E.D.N.Y. 2004) (quoting *DeCarlo v. Fry*, 141 F.3d 56, 61 (2d Cir. 1998)).

*Corp.*, 310 F.3d 243, 258 (2d Cir. 2002)). The proposed pleading must "be judged by the same standards as those governing the adequacy of a filed pleading" if it were attacked by a motion to dismiss. *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 185 (2d Cir. 2012).

The allegations in Plaintiff's Proposed Amended Complaint largely resemble those of the Complaint. The only relevant addition to the facts is that Plaintiff now alleges that Hudson P.D. Detective Nicolas Pierro "drafted," "swor[e] to," and "submitted" the search warrant application. PAC ¶¶ 134, 32. Further, Plaintiff alleges that the "search warrant application submitted by [] Pierro contained fraudulent misrepresentations and/or omissions which were made with the intention to obtain sufficient probable cause to obtain a search warrant." *Id.* ¶ 106. These additions do not cure the deficiencies stated above with respect to Plaintiff's claims against the Hudson Defendants.

Plaintiff also includes Pierro as a defendant in this action and brings the Third Cause of Action and Fifth Cause of Action against him. *Id.* ¶¶ 93, 132. With respect to the Third Cause of Action, Plaintiff fails to state a claim against Pierro for the same reasons as those discussed in Part III.B.2.a of this Order. Plaintiff does not plead any facts supporting a plausible inference that Pierro was personally involved in providing a tip to the Albany Police, let alone violating Plaintiff's constitutional rights.

With respect to the Fifth Cause of Action, Plaintiff's claim against Pierro also fails. The Court finds Plaintiff cannot state a claim that Pierro violated his Fourth Amendment rights.

"The United States Constitution provides persons the right to be free from unreasonable searches and arrests." *Fabrikant v. French*, 691 F.3d 193, 214 (2d Cir. 2012) (citing U.S. Const. amend. IV). If the search is not "unreasonable," then no constitutional violation has occurred. *Florida v. Jimeno*, 500 U.S. 248, 250 (1991) ("The Fourth Amendment does not proscribe all

state-initiated searches and seizures; it merely proscribes those which are unreasonable.”). Typically, “an arrest or search pursuant to a warrant issued by a neutral magistrate is presumed reasonable because such warrants may issue only upon a showing of probable cause.” *Fabrikant*, 691 F.3d at 214 (quoting *Walczyk v. Rio*, 496 F.3d 139, 155–56 (2d Cir. 2007)). “[T]o challenge the probable cause for a search warrant, ‘the plaintiff must make a substantial preliminary showing that the affiant knowingly and intentionally, or with reckless disregard for the truth, made a false statement in his affidavit and that the allegedly false statement was necessary to the finding of probable cause.’” *Id.* (quoting *Golino v. City of New Haven*, 950 F.2d 864, 870 (2d Cir. 1991)).

Here, Plaintiff fails to make a preliminary showing that Pierro knowingly, intentionally, or recklessly made a false statement in the search warrant application. In the Proposed Amended Complaint, Plaintiff alleges that the search warrant application contained fraudulent misrepresentations and omissions, made with the intent to prove probable cause. The Court finds these allegations to be largely conclusory. To state a viable claim, “[t]hreadbare recitals of the elements of a cause of action, supported by merely conclusory statements, do not suffice.” *Iqbal*, 556 U.S. at 678.

To the extent that Plaintiff sufficiently alleges the existence of fraudulent misrepresentations or omissions in the search warrant application, it is limited to the false statements from Campana, which are attributed to Campana himself. *See* Dkt. No. 8-2 at 2–3. There is no showing that Pierro personally made any false statements. Moreover, Pierro directly noted Campana’s inconsistent statements in the search warrant application. *See id.* at 3 (“Campana . . . stated that he did not originally tell the full story.”). Accordingly, because Plaintiff fails to show that Pierro knowingly, intentionally, or recklessly made a false statement

in the search warrant application, Plaintiff's Fifth Cause of Action against Pierro fails. The Court finds that Plaintiff's cross-motion to amend the Complaint is futile. The cross-motion is denied.

## IV. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that Plaintiff's cross-motion to strike or otherwise exclude the search warrant application, Dkt. No. 29-1, is **DENIED**; and it is further

**ORDERED**, that the Hudson Defendants' motion to dismiss, Dkt. No. 8, is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Third Cause of Action and Fifth Cause of Action against Defendants Keyser and Waithe are **DISMISSED without prejudice**; and it is further

**ORDERED**, that Plaintiff's Third Cause of Action and Fifth Cause of Action against Defendant Police Department of the City of Hudson are **DISMISSED with prejudice**; and it is further

**ORDERED**, that Defendants Keyser, Waithe, and the Police Department of the City of Hudson are **DISMISSED** as parties in this action; and it is further

**ORDERED**, that Plaintiff's cross-motion to amend the Complaint, Dkt. No. 29-1, is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:    January 29, 2025
          Albany, New York

LAWRENCE E. KAHN
United States District Judge